**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD H. EWELL,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 3:22-1046** |
| **v.** | : | **(JUDGE MANNION)** |
| **CORNELIUS ROLTEVEEL,** | : | |
| **Defendant.** | : | |

## ORDER

Presently before the court is Judge Carlson's Report and Recommendation, (Doc. 6), pertaining to plaintiff, Ronald Ewell's, complaint, (Doc. 1).

## I.  STANDARD OF REVIEW[1]

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to

---

[1] The court will not restate the factual background as Judge Carlson has already done so in his report and recommendation.

the extent it deems proper. <u>Rieder v. Apfel</u>, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; <u>see also</u> <u>Univac Dental Co. v. Dentsply Intern., Inc.</u>, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing <u>Henderson v. Carlson</u>, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636.

## II. DISCUSSION

Plaintiff has filed what is docketed as an "objection," but plaintiff's "objection" does not address the report and recommendation of Judge Carlson.

The report and recommendation explains that Ewell has asserted a 42 U.S.C. §1983 claim against his court-appointed criminal defense counsel. Judge Carlson explained that a §1983 claim requires two elements: "(1)

whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of a federally protected right." <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981).

Thus, a §1983 claim requires Ewell to show that the defendant is a state actor. <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999). As Judge Carlson explained, it is well settled that the conduct of a court-appointed attorney representing a client in a state criminal case does not alone constitute state action. (Doc. 6, p.9).

Furthermore, Judge Carlson reasoned that allowing Ewell to amend would be futile or result in undue delay because Ewell's *pro se* pleadings do not comply with federal pleading requirements and the Supreme Court has held the statute does not apply to a criminal defense attorney. (Doc. 6, p.9). As such, Judge Carlson recommended the complaint be dismissed without further leave to amend.

Upon review of Judge Carlson's report and recommendation, the court agrees with the sound reasoning which led Judge Carlson to his conclusions. As such, the court will adopt the report and recommendation, (Doc. 6), in its entirety.

- 3 -

In light of the foregoing, **IT IS HEREBY ORDERED THAT:**

**(1)** Judge Carlson's report and recommendation, **(Doc. 6)**, is

    **ADOPTED IN ITS ENTIRETY**.

**(2)** Plaintiff's complaint, **(Doc. 1)**, is **DISMISSED WITH PREJUDICE.**

**(3)** The Clerk of the Court is directed to **CLOSE THE CASE.**


                      *s/ Malachy E. Mannion*
                      **MALACHY E. MANNION**
                      **United States District Judge**

**DATE: April 19, 2023**
22-1046-01